# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA4,<br><br>Plaintiff,<br><br>vs.<br><br>BAHRAM MANOUCHEHRI, et al.,<br><br>Defendants. | CASE NO. 17cv149-LAB (BGS)<br><br>**ORDER OF REMAND** |

Last year, HSBC Bank sued Bahram Manouchehri for unlawful detainer in California state court. A year later, Manouchehri removed the case to this Court claiming the unlawful detainer action implicated a substantial federal issue—namely, Manouchehri's defense that the Bank didn't have valid title. Because the Court lacks jurisdiction, the action is remanded.

\* \* \*

When a defendant removes a case from state court, and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule: a federal question must be "presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Manouchehri removed

- 1 -

the case after HSBC Bank sued him under a single state law claim—unlawful detainer. Since the complaint doesn't raise a federal question, the Court lacks jurisdiction.[1]

Manouchehri argues that federal law is inseparable from the unlawful detainer action. But the claim isn't based on any federal law—Manouchehri's defense is, and that's insufficient. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense"). While federal question jurisdiction may exist over some state law claims that necessarily raise disputed and substantial federal issues, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 314 (2005), this isn't one of them. *See, e.g.*, *Indymac Federal Bank, F.S.B. v. Ocampo*, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (no jurisdiction over unlawful detainer claim).[2]

The Court has discretion to award expenses when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c). The law is straightforward on this one—unlawful detainer actions don't arise under federal law. Manouchehri didn't have a reasonable basis for removal. *New Homes Mortg. Inc. V. Pierro,* 2009 WL 1456617, at *2 (C.D. Cal. May 22, 2009) (awarding fees for improperly removed unlawful detainer action). Worse, he removed this case nearly a year after it was initially filed without any explanation for the delay. 28 U.S.C. § 1446(b)(1).

The Bank seeks about $1,000 for five hours of work on the motion to remand and for "the time to appear and attend the hearing." No hearing was held. The Bank's only work product is a seven page motion for remand based on elementary rules of federal jurisdiction. And a good portion of the motion was spent arguing for remand based on Manouchehri's

---

[1] Manoucheri filed a separate action in this Court alleging federal violations related to the unlawful detainer action. He wants the Court to consolidate that action with this improperly removed one. Since the Court lacks jurisdiction over the unlawful detainer action, that's not a valid move. *Wells Fargo Bank N.A. v. Robinson*, 2014 WL 4748471, at *4 (N.D. Cal. Sept. 23, 2014) ("consolidation will not cure the jurisdictional defect in this case").

[2] Manouchehri suggests remand would unfairly force him to litigate in federal and state court. Not so. A state court of general jurisdiction is fully equipped to handle his claims and, specifically, has several options for dealing with the concerns he raises. *See Asuncion v. Superior Court*, 108 Cal. App. 3d 141, 146 (Ct. App. 1980). Manouchehri offers no explanation why he hasn't pursued the remedies outlined in *Asuncion*.

untimely removal, despite the fact that the Bank's remand motion was untimely too. 28 U.S.C. § 1447(c). The Court awards the Bank $645 total based on three hours of work at $215 an hour. *See Ke Kailani Partners, LLC v. Ke Kailani Development, LLC*, 2013 WL 6665460, at *1 (D. Haw. Dec. 18, 2013).

* * *

Since the Court lacks jurisdiction, the case is remanded to the Superior Court of California, County of San Diego. And because Manouchehri had no reasonable basis for removal, the Court awards the Bank $645 in attorney's fees.

**IT IS SO ORDERED**.

Dated: July 7, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge